Kevin R. Crisp
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, CA 90071
Telephone:  213.542.8019
Facsimile:   213.542.8100

*Attorneys for Defendant Volkswagen Group of America, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID HERRERA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.,<br><br>　　　　Defendant. | Case No.  8:16-cv-00364-CJC-JCG<br><br>The Hon. Cormac J. Carney<br>Courtroom 9B<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND RETURN OF DOCUMENTS** |

IT IS HEREBY AGREED AND ORDERED:

　　　1.　　In connection with discovery furnished by any of the parties (or any of their present and former directors, officers, employees, and agents) in the above-captioned action (the "Action"), any party may designate any document as "Confidential" under this Stipulated Protective Order Regarding Confidentiality and Return of Documents (the "Order") if that party and its counsel in good faith believe that the designated restriction is appropriate because the document contains or reflects trade secrets or other confidential research and development, financial, or

/ / /

VG01-0000001
12292569.1

1

Case No. 8:16-cv-00364-CJC-JCG
STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY AND
RETURN OF DOCUMENTS

commercial information or personal information regarding individuals.  Documents designated as "Confidential" shall be limited to documents that have not been made public and that the disclosing party in good faith believes will, if disclosed, have the effect of causing harm to its business or competitive position or personal privacy.

2. Any documents to be designated as "Confidential" may be so designated by labeling the documents with the term "Confidential" prior to their production.  Similarly, documents produced on DVD, CD, or other media may be designated as "Confidential" by labeling the media as "Confidential" or placing the electronic file in a folder labeled "Confidential."  Labeling the cover of any multi-page document "Confidential" shall so designate all pages of that document, unless otherwise indicated by the designating party.  Within four weeks of receiving a deposition transcript, if any or all of the deposition was not designated "Confidential" on the record at its taking, any party may designate any or all portions of it as "Confidential" by written notice served on the opposing party identifying the pages or lines that are to be afforded such treatment.  During the four-week period following its receipt, the deposition transcript shall be treated as "Confidential," unless otherwise agreed to by the parties.  The term "document" as used throughout this Order includes any deposition transcript.

3. The production by any party of any "Confidential" document during this Action not affirmatively designated "Confidential" shall be without prejudice to any claim that such material should be treated as "Confidential," and the disclosing party shall not be held to have waived any rights by such production or disclosure.  In the event that such production occurs, counsel for the producing party may subsequently designate the documents as "Confidential."

4. In the event that a party objects to the designation of any documents as "Confidential," that party may serve written notice on all parties specifying which documents are improperly designated.  During the seven-day period following

///

VG01-0000001
12292569.1

2

Case No. 8:16-cv-00364-CJC-JCG
STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY AND
RETURN OF DOCUMENTS

service of such a notice, the parties shall confer in an effort to resolve any objections. If the dispute is not resolved, the parties will follow the procedures set forth in Local Rule 37 governing discovery disputes to resolve whether the documents should be treated as "Confidential." The specified documents shall be treated as "Confidential" pending resolution of the dispute by the Court. The party seeking to designate the document(s) as "Confidential" shall have the burden to establish that the document(s) qualify as "Confidential."

     5.     Documents designated as "Confidential" (and any "Confidential" information contained therein or any "Confidential" information that is utilized or placed in another document) may be disclosed or made available by the receiving party only to the following:

(a) The Court (including the Court's administrative and clerical staff). If any papers to be filed with the Court contain "Confidential" information, the proposed filing shall be accompanied by an application to file the papers or portion thereof containing the protected information under seal, and the application shall be directed to the judge to whom the papers are directed.

(b) Attorneys of record and in-house attorneys in the Action, as well as the lawyers, paralegals, clerical and secretarial staff employed by and working for such attorneys on this case.

(c) The parties, as well as those officers, directors, in-house attorneys, or employees of the parties who are actively involved in the Action or who are otherwise necessary to aid counsel in the Action.

(d) Court reporters transcribing depositions in the Action.

(e) Any deposition, trial, or hearing witness in the Action, so long as they execute the form attached hereto as Exhibit A.

/ / /

/ / /

VG01-0000001
12292569.1

3

Case No. 8:16-cv-00364-CJC-JCG
STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY AND
RETURN OF DOCUMENTS

(f) Any expert witness or consultant, which shall be defined to mean a person who has been retained by one of the parties in good faith to serve as an expert witness or consultant (whether or not retained to testify at trial) in connection with this Action, including any person working directly under the supervision of any such expert witness or consultant, provided that prior to the disclosure of documents designated as "Confidential" to any expert witness or consultant, the party making the disclosure shall deliver a copy of this Order to that person, shall explain its terms to that person, and shall secure the signature of that person on the form attached hereto as Exhibit A.

(g) Any other persons to whom the parties all agree in writing and who execute the form attached hereto as Exhibit A.

Nothing contained herein is intended to prevent either party from using "Confidential" documents or information at a hearing or trial in this matter, but the parties shall take steps at the appropriate time to protect the confidential nature of the information, and the use and treatment of such information will be addressed by separate order.

6. Documents designated as "Confidential," and any information contained therein, shall not be disclosed to any person except in accordance with this Order and shall be used by the persons receiving them only for the purposes of preparing for, conducting, and/or participating in the conduct of this Action and not for any business, personal, or other purpose whatsoever.

7. Within thirty days after the later of (i) final judgment or settlement of the Action and (ii) after the time for any and all appeals has expired, the parties and their counsel shall return to counsel for the producing party or third-party all documents produced and designated as Confidential in this Action and all copies

/ / /

/ / /

VG01-0000001
12292569.1

4

Case No. 8:16-cv-00364-CJC-JCG
STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY AND
RETURN OF DOCUMENTS

1  thereof.  Alternatively, the receiving party may destroy all Confidential documents
2  within the same time period.  Within the same thirty day period, counsel shall
3  supply to the producing party copies of each statement in the form attached hereto as
4  Exhibit A that were signed pursuant to paragraph 5 of this Order.  Each counsel of
5  record for the receiving party may retain only one archival copy of:  deposition
6  exhibits; exhibits used in proceedings before the Court; documents included in
7  submissions to the Court; and "Confidential" information to the extent it is included
8  in those exhibits or documents or reflected in that counsel's work product.  In
9  addition, within the same thirty-day period, any documents filed with the Court
10 under seal shall be destroyed, which destruction will be preceded by an ex parte
11 motion.

12      8.     Any documents produced by a non-party witness in discovery in the
13 Action pursuant to subpoena or otherwise may be designated by that non-party as
14 "Confidential" under the terms of this Order, and such designation shall have the
15 same force and effect, and create the same duties, obligations, and remedies, as if
16 made by one of the parties hereto.
17  designated in this action as "Confidential," that party must:  (a) promptly notify in
18 writing the designating party, including a copy of the subpoena; (b) promptly notify
19 in writing the party who caused the subpoena to issue in the other litigation that
20 some or all of the material covered by the subpoena is subject to this Order,
21 including a copy of this Order; and (c) cooperate with respect to all reasonable
22 procedures requested by the designating party whose protected material may be
23 affected.  If the designating party timely seeks a protective order, the party served
24 with the subpoena shall not produce any information designated "Confidential"
25 before a determination by the court from which the subpoena was issued, unless
26 / / /
27 / / /
28 / / /
VG01-0000001
12292569.1

5

Case No. 8:16-cv-00364-CJC-JCG
STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY AND
RETURN OF DOCUMENTS

1  otherwise agreed to by the designating party.  Nothing in this Order shall be
2  construed as authorizing a party to disobey a lawful subpoena issued in another
3  action.
4     11.   If information subject to a claim of attorney-client privilege, attorney
5  work product, or any other ground on which production of such information should
6  not be made to a party is inadvertently produced, such production shall in no way
7  prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of
8  privilege, work product, or other ground for withholding production to which the
9  producing party would otherwise be entitled.  Any and all facially privileged or
10 work product materials inadvertently produced shall be returned or destroyed
11 promptly with notice to the producing party of said destruction, when discovered.
12 Any other inadvertently produced privileged or otherwise protected materials shall
13 be promptly returned or destroyed upon the request of the producing party.
14    12.   Without separate court order, this Stipulated Protective Order
15 Regarding Confidentiality and Return of Documents and the parties' stipulation do
16 not change, amend, or circumvent any court rule or local rule.
17    13.   The Court may modify the terms and conditions of the Order for good
18 cause, or in the interest of justice, or on its own order at any time in these
19 proceedings.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

VG01-0000001
12292569.1

6

Case No. 8:16-cv-00364-CJC-JCG
STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY AND
RETURN OF DOCUMENTS

1     14.    This Order may be amended or modified only by the Court in which the Action is pending.

Dated: May 5, 2017    **HAIGHT BROWN & BONESTEEL LLP**

By:   */s/*
     Kevin R. Crisp

*Attorney for Volkswagen Group of America, Inc.*

Dated: May 5, 2017    **CAPSTONE LAW APC**

By:   */s/*
     Jordan L. Lurie
     Tarek H. Zohdy
     Cody R. Padgett
     Karen L. Wallace

*Attorneys for Plaintiff David Herrera*

VG01-0000001
12292569.1

7

Case No. 8:16-cv-00364-CJC-JCG
STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY AND
RETURN OF DOCUMENTS

**IT IS SO ORDERED.**

Dated: May 15, 2017

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

VG01-0000001
12292569.1

8

Case No. 8:16-cv-00364-CJC-JCG
STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY AND
RETURN OF DOCUMENTS

# EXHIBIT A

I, _____,

residing at _____

_____, have read the foregoing Stipulated Protective Order Regarding Confidentiality and Return of Documents (the "Order") in the action captioned *David Herrera v. Volkswagen Group of America, Inc.*, Case No.: 8:16-cv-00364, pending in the United States District Court for the Central District of California, Southern Division. I agree to be bound by its terms with respect to any documents designated as "Confidential" that are furnished to me as set forth in the Order. I further agree to return documents to the producing party or third party according to the terms of paragraph 7 of that Order.

2. I hereby consent to the jurisdiction of the Court in which the Action is pending with respect to any proceedings to enforce the terms of the Order against me.

3. I hereby agree that any documents designated as "Confidential" that are furnished to me will be used by me only for the purposes of the Action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own, nor will the information contained therein be imparted by me to any other person.

_____    _____
Signature                         Date

VG01-0000001
12292569.1

9

Case No. 8:16-cv-00364-CJC-JCG
STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY AND
RETURN OF DOCUMENTS